# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| MARK A. MACCABE; LINDA KAY MACCABE; ROSS A. FULLER; MOLLY FULLER, et al.,<br><br>        **Plaintiffs,**<br><br>V.<br><br>ROBERT EDWIN PAIGE; INDIAN RIVER TRANSPORT CO., ET AL.<br><br>        **Defendants.** | Case No: 1:24-cv-00052-CWB |

## DEFENDANT ROBERT EDWIN PAIGE'S ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant, Robert Edwin Paige ("Mr. Paige"), and for answer to Plaintiffs' Complaint states as follows:

### PARTIES TO THIS ACTION

1. Upon information and belief, admitted.

2. Mr. Paige is without sufficient information to admit or deny the allegations in Paragraph 2 of the Plaintiffs' Complaint and therefore, denies the same and demands strict proof thereof.

3. Upon information and belief, admitted.

4. Mr. Paige is without sufficient information to admit or deny the allegations in Paragraph 4 of the Plaintiffs' Complaint and therefore, denies the same and demands strict proof thereof.

5. Upon information and belief, admitted.

6. Upon information and belief, admitted.

7. Mr. Paige admits he is an adult citizen of New York who is licensed to drive a commercial vehicle. The remaining allegations of Paragraph 7 do not require a response from Mr. Paige.

8. This paragraph does not require a response from Mr. Paige.

9. This paragraph does not require a response from Mr. Paige.

10. This paragraph does not require a response from Mr. Paige.

11. This paragraph does not require a response from Mr. Paige.

## JURISDICTION

12. Upon information and belief, Mr. Paige admits that the United States District Court for the Middle District of Alabama, Southern Division, has jurisdiction over the claims asserted in this lawsuit.

13. Upon information and belief, Mr. Paige admits the amount in controversy in this matter exceeds the jurisdictional requirement set forth in 28 U.S.C. § 1332, though he denies the Plaintiffs are entitled to such a recovery. He admits the accident giving rise to this lawsuit occurred in Henry County.

14. Mr. Paige admits the accident giving rise to this lawsuit occurred in Henry County, Alabama, which is within the territorial jurisdiction of the United States District Court for the Middle District of Alabama, Southern Division.

15. Upon information and belief, Mr. Paige admits the United States District Court for the Middle District of Alabama, Southern Division, has both subject matter and personal jurisdiction over the parties to this matter and the claims asserted in the matter.

## STATEMENT OF FACTS

16. Mr. Paige has previously responded to Paragraphs 1 through 15 of the Plaintiffs' Complaint.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. The allegations of Paragraph 22 do not require a response from Mr. Paige. To the extent a response is required, he admits he was hired by Indian River to drive a commercial vehicle.

23. The allegations of Paragraph 23 do not require a response from Mr. Paige.

24. The allegations of Paragraph 24 do not require a response from Mr. Paige. To the extent a response is required, he admits he was driving the subject Peterbilt Truck on behalf of, and with the permission of, Indian River.

25. The allegations of Paragraph 25 do not require a response from Mr. Paige. To the extent a response is required, he denies committing any negligent or wanton acts or omissions that would give rise to liability on the part of Indian River.

26. Admitted.

27. Mr. Paige denies the allegations in Paragraph 27 of the Plaintiffs' Complaint and demands strict proof thereof.

28. Mr. Paige denies the allegations in Paragraph 28 of the Plaintiffs' Complaint and demands strict proof thereof.

29. Mr. Paige denies the allegations in Paragraph 29 of the Plaintiffs' Complaint and demands strict proof thereof.

30. Mr. Paige denies the allegations in Paragraph 30 of the Plaintiffs' Complaint and demands strict proof thereof.

31. Mr. Paige denies the allegations in Paragraph 31 of the Plaintiffs' Complaint and demands strict proof thereof.

32. Mr. Paige denies the allegations in Paragraph 32 of the Plaintiffs' Complaint and demands strict proof thereof.

33. The allegations of Paragraph 33 do not require a response from Mr. Paige. To the extent a response is required, he denies any allegation that he failed

to comply with any applicable rule or regulation promulgated by the Federal Motor Carrier Safety Administration.

34. The allegations of Paragraph 34 do not require a response from Mr. Paige. To the extent a response is required, he denies the allegation that he was not competent or otherwise qualified to operate a commercial vehicle.

35. The allegations of Paragraph 35 do not require a response from Mr. Paige. To the extent a response is required, he denies the allegation that he was not competent or otherwise qualified to operate a commercial vehicle.

36. The allegations of Paragraph 36 do not require a response from Mr. Paige. To the extent a response is required, he denies the allegation that he was not competent or otherwise qualified to operate a commercial vehicle.

37. Mr. Paige denies the allegations in Paragraph 37 of the Plaintiffs' Complaint and demands strict proof thereof.

38. The allegations of Paragraph 38 do not require a response from Mr. Paige. To the extent a response is required, he denies committing any negligent or wanton acts or omissions that would give rise to liability on the part of Indian River.

39. Mr. Paige denies the allegations in Paragraph 39 of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT ONE

**NEGLIGENCE, WRONGFUL ACT, DROSS NEGLIGENCE AND/OR RECKLESSNESS OF MR. PAIGE**

40. Mr. Paige has previously responded to Paragraphs 1 through 39 of the Plaintiffs' Complaint.

41. Mr. Paige admits all drivers, including the driver of the Plaintiffs' vehicle, have a duty to operate their vehicle in a safe and cautious manner. He denies breaching any such duty and demands strict proof thereof.

42. Mr. Paige denies the allegations in Paragraph 42 of the Plaintiffs' Complaint and demands strict proof thereof.

43. Mr. Paige denies the allegations in Paragraph 43 including all subparts of the Plaintiffs' Complaint and demands strict proof thereof.

44. Mr. Paige denies the allegations in Paragraph 44 of the Plaintiffs' Complaint and demands strict proof thereof.

45. Mr. Paige denies the allegations in Paragraph 45 of the Plaintiffs' Complaint and demands strict proof thereof.

46. Mr. Paige denies the allegations in Paragraph 46 of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT TWO

### STATUTORY VIOLATIONS OF MR. PAIGE

47. Mr. Paige has previously responded to Paragraphs 1 through 46 of the Plaintiffs' Complaint.

48. Mr. Paige denies the allegations in Paragraph 48 including all subparts of the Plaintiffs' Complaint and demands strict proof thereof.

49. Mr. Paige denies the allegations in Paragraph 49 including all subparts of the Plaintiffs' Complaint and demands strict proof thereof.

50. Mr. Paige denies the allegations in Paragraph 50 of the Plaintiffs' Complaint and demands strict proof thereof.

51. Mr. Paige denies the allegations in Paragraph 51 of the Plaintiffs' Complaint and demands strict proof thereof.

52. Mr. Paige denies the allegations in Paragraph 52 of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT THREE

### VICARIOUS LIABILITY OF DEFENDANT EMPLOYERS

53. Mr. Paige has previously responded to Paragraphs 1 through 52 of the Plaintiffs' Complaint.

54. Admitted.

55. Admitted.

56. Mr. Paige admits he was acting in the line and scope of his employment at the time of this accident. He denies the allegations of Paragraph 56 to the extent they allege any act or omission on the part of Mr. Paige was negligent or wanton.

57. Mr. Paige denies the allegations in Paragraph 57 of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT FOUR

### NEGLIGENCE OF DEFENDANT EMPLOYERS

58. Mr. Paige has previously responded to Paragraphs 1 through 57 of the Plaintiffs' Complaint.

59. Mr. Paige denies the allegations in Paragraph 59 of the Plaintiffs' Complaint and demands strict proof thereof.

60. Mr. Paige denies the allegations in Paragraph 60 of the Plaintiffs' Complaint and demands strict proof thereof.

61. Mr. Paige denies the allegations in Paragraph 61 of the Plaintiffs' Complaint and demands strict proof thereof.

62. The allegations in Paragraph 62 regarding the duties of Indian River do not require a response from Mr. Paige. To the extent a response is required, Mr. Paige denies Indian River failed to comply with such duties.

63. Mr. Paige denies the allegations in Paragraph 63 of the Plaintiffs' Complaint and demands strict proof thereof.

64. Mr. Paige denies the allegations in Paragraph 64 of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT FIVE

### NEGLIGENT INSPECTION, MAINTENANCE & REPAIR

65. Mr. Paige has previously responded to Paragraphs 1 through 64 of the Plaintiffs' Complaint.

66. Mr. Paige denies the allegations in Paragraph 66 of the Plaintiffs' Complaint and demands strict proof thereof.

67. Mr. Paige denies the allegations in Paragraph 67 of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT SIX

## LOSS OF CONSORTIUM AND SERVICE

68. Mr. Paige has previously responded to Paragraphs 1 through 67 of the Plaintiffs' Complaint.

69. Mr. Paige is without sufficient information to admit or deny the allegations in Paragraph 69 of the Plaintiffs' Complaint and therefore, denies the same and demands strict proof thereof.

70. Mr. Paige denies the allegations in Paragraph 70 of the Plaintiffs' Complaint and demands strict proof thereof.

71. Mr. Paige denies the allegations in Paragraph 71 of the Plaintiffs' Complaint and demands strict proof thereof.

Mr. Paige hereby denies that the Plaintiffs are entitled to any judgment or relief.

## DAMAGES

72. Mr. Paige has previously responded to Paragraphs 1 through 71 of the Plaintiffs' Complaint.

73. Mr. Paige denies the allegations in Paragraph 73, including all subparts of the Plaintiffs' Complaint and demands strict proof thereof.

## RELIEF SOUGHT

Mr. Paige denies the Plaintiffs are entitled to any judgment or relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This defendant pleads not guilty.

### SECOND DEFENSE

Defendant denies that he breached any duty owed to the Plaintiffs, if any such duty is owed.

### THIRD DEFENSE

The Defendant denies that he was guilty of any intentional, willful, gross, oppressive, wanton, malicious and/or negligent acts of omission or commission relating directly or indirectly to the allegations in the Complaint; the Defendant further denies any act of omission or commission on its part proximately caused or proximately contributed to cause the injuries and/or damages alleged in the Complaint.

### FOURTH DEFENSE

The Defendant avers the injuries and/or damages alleged in the Complaint were proximately caused by an "efficient intervening cause."

### FIFTH DEFENSE

The Defendant did not violate any statutes, rules and/or regulations of the State of Alabama or the United States of America.

## SIXTH DEFENSE

The Defendant pleads all applicable affirmative defenses under Rule 12(b).

## SEVENTH DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief can be granted pursuant to Rule 12(b)(6).

## EIGHTH DEFENSE

The Defendant denies that he was guilty of any act of omission or commission which would entitle the Plaintiffs to recover compensatory, consequential, or punitive damages against it.

## NINTH DEFENSE

The Defendant denies the Plaintiffs were injured and/or damaged to the extent claimed and demands strict proof thereof.

## TENTH DEFENSE

Plaintiffs' damages are speculative and impossible to ascertain or allocate.

## ELEVENTH DEFENSE

Any recovery had by the Plaintiffs must be reduced or set off by collateral sources paid to the Plaintiffs.

## TWELFTH DEFENSE

To the extent the Plaintiffs have concluded or may conclude a settlement or recover a verdict against any person, entity or party against whom the Plaintiffs have,

or could have, made or will make a claim, then the Defendant is entitled to a set-off for any amount paid and is otherwise entitled to introduce the fact of said settlement or verdict at its option.

### THIRTEENTH DEFENSE

The Plaintiffs have failed to mitigate damages.

### FOURTEENTH DEFENSE

Any alleged injuries and/or damages to the Plaintiffs occurred as a result of pre-existing medical conditions, causes and/or injuries completely unrelated to any act of omission or commission by the Defendant. The existence of these pre-existing medical conditions, causes, or injuries are plead as a bar to, or in mitigation of, any recovery sought by the Plaintiffs.

### FIFTEENTH DEFENSE

Defendant avers the driver of the Plaintiffs' vehicle was guilty of negligence on the occasion complained of, and it was that negligence that proximately caused or proximately contributed to cause the Plaintiffs' alleged injuries and damages.

### SIXTEENTH DEFENSE

Defendant avers the Plaintiffs assumed the risk on the occasions complained of, thereby barring recovery.

### SEVENTEENTH DEFENSE

Defendant avers the Plaintiffs alleged injuries and/or damages were

proximately or solely caused by the actions and/or omissions of someone other than this Defendant and over whom Defendant possesses no right of supervision or control and for whose acts Defendant is not legally responsible.

### EIGHTEENTH DEFENSE

Defendant avers the Plaintiffs' alleged damages were the result of an unavoidable accident or occurrence.

### NINETEENTH DEFENSE

Defendant pleads sudden emergency.

### TWENTIETH DEFENSE

The Defendant denies that he is guilty of any conduct which would entitle the Plaintiffs to recover punitive damages in this case.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

a. the Commerce Clause of Article I, Section 8 of the United States Constitution;

b. the Contracts Clause of Article I, Section 10 of the United States Constitution;

c. the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution;

d. the Supremacy Clause of Article VI of the United States Constitution;

  e. the Free Speech Clause of the First Amendment of the United States Constitution;

  f. the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

  g. the Takings Clause of the Fifth Amendment of the United States Constitution;

  h. the Right to Counsel of the Sixth Amendment of the United States Constitution;

  i. the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

  j. the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

  k. the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

  l. similar or corresponding provisions of the Constitution of this State.

## TWENTY-SECOND DEFENSE

No act or omission of the Defendant was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

## TWENTY-THIRD DEFENSE

With respect to Plaintiffs' demand for punitive damages, this Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards set forth in *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), *State Farm Mutual Automobile*

*Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and similar State cases.

## TWENTY-FOURTH DEFENSE

Because of the lack of clear standards, any imposition of punitive damages against this Defendant would be unconstitutionally vague and/or overbroad.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claim for punitive damages is subject to the limitations and requirements of State law.

## TWENTY-SIXTH DEFENSE

The Defendant adopts all defenses asserted by other defendants to the extent they are applicable to the claims purportedly asserted against this Defendant.

## TWENTY-SEVENTH DEFENSE

The Defendant reserves the right to assert any additional defenses, counterclaims, crossclaims and/or file third-party complaints that discovery would reveal to be available and/or necessary.

## TWENTY-EIGHTH DEFENSE

Mr. Paige specifically reserves the right to amend this Answer as future discovery may dictate.

**DEFENDANT ROBERT PAIGE DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted this 20th day of June 2024.

>*/s/ Marcus A. Jaskolka*
>Marcus A. Jaskolka (ASB-9519-A63J)
>Robert E. Hawthorne, III (ASB-9547-R79H)
>Attorneys for Defendants
>Indian River Transport Co. and
>Robert Edwin Paige

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Boulevard, Suite 200
Birmingham, Alabama 35243
(205) 980-5888
mjaskolka@ggh-law.com
thawthorne@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record on this 20th day of June 2024.

John Givens
Jessica Givens
The Cochran Firm – Dothan, LLC
111 East Main Street
Dothan, AL 36301
334-673-1555
johngivens@cochranfirm.com
jessicagivens@cochranfirm.com

>*/s/ Marcus A. Jaskolka*
>OF COUNSEL